UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERMAINE JEVON HOWARD,

              Plaintiff,

      -v-                                                      23-CV-159JLS(Sr)

SHAWN JAY-Z CARTER,

              Defendant.

---

## ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #13.

Plaintiff commenced this diversity action, *pro se*, on February 21, 2023, alleging that defendant, Shawn Jay-Z Carter, made a defamatory statement about plaintiff in a document filed in this court on January 18, 2022. Dkt. #1.

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #32. In support of the motion, plaintiff states that the popularity of the defendant, who is a rap star, disadvantages plaintiff and discourages attorneys from taking his case. Dkt. #32.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent

litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    (1)    Whether the indigent's claims seem likely to be of substance;

    (2)    Whether the indigent is able to investigate the crucial facts concerning his claim;

    (3)    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    (4)    Whether the legal issues involved are complex; and

    (5)    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity."  *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit."  *Id.*  Moreover, the Court must consider to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)

(denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Although this action is in its early stages, the undersigned has issued a *Report, Recommendation and Order* determining, *inter alia*, that plaintiff's claim is barred by the statute of limitations, litigation privilege, and is substantially true as a matter of law. Dkt. #36. As this recommendation, if adopted by Judge Sinatra, would result in the dismissal of this action with prejudice, the appointment of counsel is not warranted at this time.

**SO ORDERED.**

**DATED:** Buffalo, New York
September 30, 2024

                                            s/ H. Kenneth Schroeder, Jr.
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**