UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERMAINE JEVON HOWARD,

    Plaintiff,

v.

SHAWN JAY-Z CARTER,

    Defendant.

23-CV-159 (JLS) (HKS)

---

## DECISION AND ORDER

*Pro se* Plaintiff Jermaine Jevon Howard commenced this diversity action on February 21, 2024—alleging a defamation claim against Defendant Shawn Jay-Z Carter. *See* Dkt. 1. On May 1, 2023, Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 8. Plaintiff subsequently moved for summary judgment. Dkt. 19–20.

On November 13, 2023, Judge Schroeder[1] issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion to dismiss and deny Plaintiff's motion for summary judgment. Dkt. 36, at 12.[2] Defendant construed Plaintiff's motion for summary judgment as a response to Defendant's motion to dismiss and filed a reply. Dkt. 22. Defendant also responded

---

[1] This Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 13.

[2] The page numbers refer to the CM/ECF pagination in the header of each page.

to Plaintiff's motion for summary judgment. *Id.* On November 29, 2023, Plaintiff objected to the R&R. Dkt. 38. Defendant responded to Plaintiff's objections, Dkt. 40, and Plaintiff replied. Dkt. 41.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation to the extent that it grants Defendant's motion to dismiss for lack of subject matter jurisdiction. *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("Where [. . .] [a] defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, 'the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be decided.") (citation omitted); *see also Gonzalez v. J.P. Morgan Chase Bank*, N.A., 228 F. Supp. 3d 277, 282 (S.D.N.Y. 2017) ("[T]he first issue is whether the Court has the subject matter jurisdiction necessary to consider the merits of the action.").

2

For the reasons stated above, and in the R&R, this Court GRANTS Defendant's motion to dismiss, solely on the subject matter jurisdiction issue, with leave to amend.  All other issues cannot be determined because this Court does not have subject matter jurisdiction to consider the merits of this action.  This case is referred back to Judge Schroeder for further proceedings consistent with the referral order entered on May 2, 2023.  Dkt. 13.

SO ORDERED.

Dated:   October 22, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE